UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANC E. COPELAND,<br><br>    Petitioner,<br><br>    v.<br><br>FELIPE MARTINEZ, JR.,<br><br>    Respondent. | Case No. 2:20-cv-03896-JVS-JC<br><br>ORDER (1) CONSTRUING PETITION AS 28 U.S.C. § 2255 MOTION; AND (2) DISMISSING PETITION AND ACTION WITHOUT PREJUDICE |

**I. SUMMARY**

On April 29, 2020, petitioner Chanc E. Copeland, who is proceeding *pro se* and is in federal custody in the Central District of California ("CDCA"), filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) ("Petition"). Petitioner, who pleaded guilty to violating 18 U.S.C. §§ 922(g)(1) & 924(a)(2) in the United States District Court for the Western District of Missouri ("WDMO District Court") in Case No. 4:12-cr-00146 ("WDMO Case"), challenges his conviction and sentence in the WDMO Case, essentially claiming that his plea "was not knowingly and intelligently made," and that he did not possess the firearms in issue. (Petition at 1, 3).

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, this Court construes the Petition

to be a motion under 28 U.S.C.§ 2255 ("Section 2255") to vacate, set aside, or correct the sentence imposed in the WDMO Case, and dismisses the Petition and this action without prejudice because the Court lacks jurisdiction.

## II. BACKGROUND[1]

On May 22, 2012, an Indictment was filed in the WDMO Case charging petitioner with violating 18 U.S.C. §§ 922(g)(1) & 924(a)(2) – felon in possession of a firearm – on January 13, 2011 (count one). (WDMO Case Docket No. 1). On September 13, 2018, pursuant to a binding plea agreement, petitioner pleaded guilty to count one of the Indictment in the WDMO Case and to two charges in another WDMO federal case – 4:14-cr-00321. (WDMO Case Docket Nos. 117, 118).[2] The WDMO District Court sentenced petitioner to a total of 264 months imprisonment. (WDMO Case Docket Nos. 117, 120, 123). The operative Amended Judgment was entered on September 27, 2018. (WDMO Case Docket No. 120). Petitioner did not appeal.

On April 22, 2019, petitioner filed a motion under Section 2255 to vacate, set aside, or correct sentence by a person in federal custody ("WDMO 2255 Motion") in the WDMO Case, raising claims similar to those asserted in the Petition herein. (WDMO Case Docket No. 122).[3] On August 28, 2019, the WDMO District Court denied the WDMO 2255 Motion. Petitioner did not appeal.

///

---

[1] The facts in this section are derived from the Petition and court records in the WDMO Case, of which this Court takes judicial notice. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of court records).

[2] Although petitioner originally pleaded guilty in the WDMO Case on April 25, 2017, such plea was ultimately not accepted by the WDMO District Court. (WDMO Case Docket Nos. 82, 109).

[3] The WDMO 2255 Motion was concurrently filed in the other federal case in which petitioner had pleaded guilty – 4:14-cr-00321 (Docket No. 69) – and under a new case number: 4:19-cv-00312 (Docket No. 1).

## III. DISCUSSION

A federal inmate's petition to challenge the legality of his conviction and sentence must generally be filed under Section 2255 in the district in which he was convicted and sentenced, whereas a petition to challenge the manner, location, or conditions of the execution of the sentence must be brought under 28 U.S.C. § 2241 ("Section 2241") in the custodial district. See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). A federal prisoner may file a habeas corpus petition pursuant to Section 2241 to contest the legality of his conviction or sentence only where his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (citing and quoting Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007)), cert. denied, 568 U.S. 1173 (2013). The "inadequate or ineffective" exception is narrow. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.) (as amended) (citation omitted), cert. denied, 540 U.S. 1051 (2003). Section 2255's remedy is not "inadequate or ineffective" merely because Section 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. Id. (citation omitted); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000).

The present Petition falls squarely within the purview of Section 2255 because petitioner seeks to challenge the conviction and sentence in the WDMO Case. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive 2255 motions."). Accordingly, it does not fall within this Court's Section 2241 jurisdiction unless petitioner can show that a Section 2255 motion is inadequate or ineffective to test the legality of his detention.

Nothing in the record reflects that a Section 2255 motion is an inadequate or ineffective remedy and petitioner has not so demonstrated. See Jackson v. Slade,

1  2004 WL 1083351, *2 (C.D. Cal. Apr. 6, 2004) (burden of coming forward with
2  evidence to show inadequacy or ineffectiveness of motion under section 2255 rests
3  squarely on petitioner) (citing Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.),
4  cert. denied, 534 U.S. 1001 (2001)).  The fact that the WDMO District Court
5  denied the WDMO 2255 Motion does not so establish.  If petitioner is prevented
6  from pursuing his instant claims in the WDMO District Court, it will be based on
7  the gatekeeping bar against the filing of second or successive petitions.  The above
8  authorities establish that such outcome does not render a Section 2255 motion an
9  inadequate or ineffective remedy so as to permit petitioner to pursue such claims
10 via Section 2241 in the Central District of California.

    To the extent petitioner denies that he possessed the firearms that are the
12 subject of the charge in the WDMO Case, the Petition can be read to assert that
13 petitioner is actually innocent.  A petitioner my proceed under Section 2241
14 pursuant to the savings clause, or escape hatch, when the petitioner claims to be:
15 "(1) factually innocent of the crime for which he has been convicted; and, (2) has
16 never had an 'unobstructed procedural shot' at presenting this claim."  Ivy v.
17 Pontesso, 328 F.3d at 1060 (citation omitted).  Failure to satisfy these requirements
18 is a jurisdictional defect.  See Marrero v. Ives, 682 F.3d at 1194-95; Lorentsen v.
19 Hood, 223 F.3d at 954-56.  A claim of factual innocence for purposes of the
20 savings clause under Section 2255 requires a petitioner to demonstrate that, "in
21 light of all the evidence, it is more likely than not that no reasonable juror would
22 have convicted him."  Stephens v. Herrera, 464 F.3d at 898 (quoting Bousley v.
23 United States, 523 U.S. 614, 623 (1998)).  The petitioner bears the burden of
24 proving actual innocence by a preponderance of the evidence.  See Lorentsen v.
25 Hood, 223 F.3d at 954.

    Here, petitioner presented exactly the same argument regarding his asserted
27 lack of possession of the firearms in issue in the WDMO 2255 Motion and such
28 claim was squarely rejected by the WDMO District Court.  In short, petitioner has

demonstrated neither that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him, nor that he has never had an unobstructed procedural shot at presenting this claim.  Indeed, the binding plea agreement which petitioner signed and which the WDMO District Court reviewed with petitioner before he entered his guilty plea, includes petitioner's admission that on January 13, 2011, he was aware that there were firearms in the residence he shared with his mother, that he had at least knowing and intentional constructive possession of them on or before that date, that he had previously been convicted of a felony and knew it was illegal for him to possess any firearms, and that the firearms in issue were manufactured outside the state and therefore affected and had traveled in interstate commerce prior to their recovery.  (WDMO Case Docket No. 116 at 3, 17 [plea agreement] & No. 123 at 3-8 [transcript]).

For the foregoing reasons, the Court construes the Petition to be a Section 2255 motion.  This Court does not have jurisdiction to consider such a Section 2255 motion because petitioner was not convicted in this district.  Accordingly, the present application must either be dismissed or transferred to the WDMO District Court where petitioner was convicted.  As noted above, petitioner has previously filed a Section 2255 motion in the WDMO District Court challenging the judgment in issue.  The present Petition/Section 2225 motion is thus successive and cannot be entertained by the WDMO District Court unless and until authorized by the Eighth Circuit.  It would thus be futile to transfer this action to the WDMO District Court for consideration as a Section 2255 motion.  Therefore, the present Petition should be dismissed without prejudice for lack of jurisdiction.  Petitioner's remedy is to apply to the Eighth Circuit for leave to file a successive Section 2255 motion in the WDMO District Court.[4]

---

[4] As this is not petitioner's "first" Section 2255 motion, Castro v. United States, 540 U.S. 375, 383 (2003) (court cannot recharacterize *pro se* litigant's motion as litigant's first Section

(continued...)

IV. **ORDERS**

IT IS THEREFORE ORDERED:

1. The Petition is construed as a motion arising under Section 2255.
2. The Petition/Section 2255 motion and this action are dismissed without prejudice for lack of jurisdiction.
3. The Clerk is directed to enter Judgment accordingly.

IT IS SO ORDERED.

DATED: April 30, 2020

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

[4](...continued)
2255 motion unless court informs litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent Section 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw or to amend the filing) is not applicable.